IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND; and<br><br>TRUSTEES OF THE BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA HEALTH AND WELFARE FUND,<br><br>    Plaintiffs,<br><br>-vs-<br><br>ALGOZINE MASONRY RESTORATION, INC.<br><br>    Defendant. | CASE NO. 2:23-cv-441 |

## COMPLAINT

1. Plaintiffs are trustees of two multiemployer benefit plans. Defendant is an employer obligated to make contributions to the Funds based upon a contractually agreed rate. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting contributions and other amounts due to the Funds.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds of which Plaintiffs are Trustees are administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

### THE PARTIES

4. Plaintiffs, the Trustees of the Bricklayers Union Local No. 6 of Indiana Pension Fund, are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is an employee pension plan and a multiemployer plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund's principal place of business is located at 7985 Marshall Street, Merrillville, IN 46410.

5. Plaintiffs, the Trustees of the Bricklayers Union Local No. 6 of Indiana Health and Welfare Fund, are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is an employee welfare plan and a multiemployer plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund's principal place of business is located at 7985 Marshall Street, Merrillville, IN 46410.

6. Defendant, Algozine Masonry Restoration, Inc. ("Algozine" or "Defendant") is an Indiana corporation with its principal place of business located in or near Griffith, Indiana. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and

ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

7. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more Collective Bargaining Agreements ("CBA"). On June 22, 2010, Defendant executed a Memorandum of Agreement ("MOA") by which it agreed to be bound by the terms of the CBA. A true and accurate copy of the MOA signed by Defendant is attached as **Exhibit A**. A true and accurate copy of the CBA in effect on the date Defendant signed the MOA is attached as **Exhibit B**.

8. The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements, in turn, give Plaintiffs the authority to collect employer contributions due to the Funds. They also authorize Plaintiffs to adopt and enforce a written collection policy and related policies. True and accurate copies of the relevant excerpts of the Funds' Trust Agreements are attached as **Exhibits C and D**. A true and accurate copy of the Funds' Collection Policy is attached as **Exhibit E**.

9. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policy, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. Defendant must submit all monthly reports and contributions by the 15th day of the month following the month in which work was performed. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the

contribution amount and interest at the rate of 10% per year until paid in full. Defendant is also liable for all attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

10. Pursuant to the terms of the CBA, Trust Agreements, and/or Collection Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the amounts owed.

11. Despite having a contractual obligation to submit monthly reports of hours paid to covered employees and to remit contribution payments, Defendant has failed to remit all contribution payments due for the period of July 1, 2011, to December 31, 2014 ("the Relevant Period").

12. According to the findings of a payroll audit covering the Relevant Period, Defendant owes the Funds $34,194.11 in unpaid contributions, an additional $3,419.41 in late fees, and $1,432.33 in compliance audit fees. A true and accurate copy of the payroll audit report is attached as **Exhibit F**.

13. Defendant has failed to make payments despite repeated attempts at collection.

## COUNT I

**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

14. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

15. Defendant has failed to remit contributions for work performed by covered employees for one or more work months during the period of July 2011 through December 2014, as required by the CBA, Trust Agreements, and Collection Policy.

16. According to the findings of a payroll audit covering the period of July 1, 2011 through December 31, 2014, Defendant owes the Funds $34,194.11 in unpaid contributions.

17. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions)

18. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19. Defendant has failed to remit contributions for work performed by covered employees for one or more work months during the period of July 2011 through December 2014, as required by the CBA, Trust Agreements, and Collection Policy.

20. According to the findings of a payroll audit covering the period of July 1, 2011 through December 31, 2014, Defendant owes the Funds $34,194.11 in unpaid contributions.

21. Defendant has failed to remit contributions for work performed by covered employees for one or more work months during the period of July 2011 through December 2014, as required by the CBA, Trust Agreements, and Collection Policy.

22. Defendant's actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, audit fees, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
**(ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)**

23. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

24. Defendant has failed to make timely contribution payments for one or more work months during the period of July 2011 through December 2014, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

25. Due to Defendant's failure to make timely contribution payments for one or more work months during the period of July 2011 through December 2014, Defendant is liable for liquidated damages in the amount of $3,419.41.

26. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV
**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Liquidated Damages and Audit Costs)**

27. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

28. Defendant has failed to make timely contribution payments for one or more work months during the period July 2011 through December 2014, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

29. Due to Defendant's failure to make timely contribution payments for one or more work months during the period of July 2011 through December 2014, Defendant is liable for liquidated damages in the amount of $3,419.41.

30. Further, because an audit was necessary to determine the amounts due, Defendant is obligated to pay the Funds' audit costs under the Funds' Collection Policy. As such, Defendant is liable for audit costs of $1,432.33.

31. Defendant's actions are in violation of CBA, Trust Agreements, and Collection Policy, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of July 2011 through December 2014;

B. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions for the period July 2011 through December 2014, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

C. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

D. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

E. Judgment on behalf of Plaintiffs and against Defendant for audit costs, as provided in the Collection Policy;

F.	An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

G.	An Order retaining jurisdiction over this cause pending compliance with all Orders; and

H.	Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Thomas R. Kendall
Thomas R. Kendall (#26859-15)
Sawyer C. Lehman (#35287-49)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
tkendall@fringebenefitlaw.com
slehman@fringebenefitlaw.com
*Attorney for Plaintiffs*

8