UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALGOZINE MASONRY RESTORATION, INC., <br><br> Defendant. | Case No. 2:23-CV-441-GSL-APR |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment. [DE 11]. The Court has reviewed the Motion and the supporting exhibits. For the following reasons, Plaintiffs' Motion is granted.

## Background

The Trustees of the Bricklayers Union Local No. 6 of Indiana Pension Fund and the Trustees of the Bricklayers Union Local No. 6 Health and Welfare Fund (together, "Plaintiffs") are the trustees of multiemployer benefit plans. Algozine Masonry Restoration, Inc. ("Algozine" or "Defendant") is an Indiana corporation with its principal place of business located in or near Griffith, Indiana. [DE 2, Page 2].

On June 22, 2010, Defendant entered into a collective bargaining agreement ("CBA") with Plaintiffs. [DE 1, Page 3]. The CBA incorporates the trust agreements for the Pension Fund and the Health and Welfare Fund ("Trust Agreements"). The Trust Agreements require the plan participants, such as Defendant, to make monthly contributions into both funds. The CBA and Trust Agreements also incorporate a collections policy. Per the policy, Plaintiffs may conduct a

payroll audit of any plan participant to ensure compliance with the trust agreements. [DE 1, Page 4]. The policy also allows Plaintiffs to collect late or missing contributions uncovered by such an audit or other means. [*Id.*]. Under the collections policy, late or unpaid contributions are subject to liquidated damages of ten percent of the outstanding contribution amount and a ten percent per month interest charge on any unpaid contributions or liquidated damages. [DE 1, Page 3-4]. Plaintiffs may collect from plan participants any attorney fees and costs associated with the collection of delinquent or unpaid contributions. [DE 1, Page 4].

On December 11, 2023, Plaintiffs filed a complaint asserting their entitlement to unpaid contributions, liquidated damages, and other unpaid amounts, and that these are all recoverable from Defendant pursuant to ERISA and LMRA. [DE 1]. On January 12, 2024, the Clerk of the Court entered a default judgment against Defendant for his failure to respond. [DE 7]. Plaintiffs' Motion for Default Judgment, filed on May 1, 2024, includes several exhibits setting forth that Defendant owes $34,194.11 in unpaid contributions, $3,419.41 in late fees, and $1,432.33 in compliance audit fees. Defendant has not answered the complaint or otherwise appeared to defend itself in this matter. [DE 1, Page 4]. Plaintiff's Motion is ripe for decision.

## **Legal Standard**

Federal Rule of Civil Procedure 55 governs the entry of default and the entry of default judgment. Specifically, it sets forth a two-step process: "the establishment of the default, and the actual entry of default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)); *see also Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment"). The first step is satisfied when the clerk of court enters a party's default because it

has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step—the entry of default judgment—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b). The distinction is important because "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM*, 811 F.3d 247, 255 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Thus, upon an entry of default judgment, it is established, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). A default judgment may not be entered without a damages hearing unless, "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight*, 500 F.3d at 602.

## Discussion

Defendant was properly served on January 5, 2024. [DE 5]. No answer was filed. Plaintiffs' Motion for Clerk's Entry of Default includes a declaration that the motion was sent via U.S. Mail to Defendant's address, and an affidavit from Plaintiffs' attorney showing Defendant's failure to plead or otherwise defend itself in this matter. [DE 6; 6-1]. Upon the Clerk's entry of default, Plaintiffs completed the first step of securing a default judgment. [DE 7]. With well-pleaded allegations in the complaint established as true, Plaintiffs filed their Motion for Default Judgment. [DE 11].

Plaintiffs submitted two declarations and a series of ledgers from July 1, 2011, to December 31, 2014, with their Motion. The first declaration is from Mr. Robert Puza, who manages each fund. For the period of January 1, 2011, through December 31, 2014, Defendant owes $34,194.11 in unpaid contributions, $30,774.69 in accrued interest, $1,432.33 in audit fees,

3

and $3,419.41 in liquidated damages. [DE 11-1, Page 2]. The corresponding audits attached to the Puza Declaration provide a detailed accounting of these amounts. [*Id.*]. The second declaration is from Mr. Sawyer C. Lehman, the attorney representing the Plaintiffs. [DE 11-2]. For legal services performed in this collection matter since January 4, 2024, Defendant owes Plaintiffs $2,038.00 in attorney's fees, and $400.00 in filing fees. [DE 11-2, Page 2]. The total amount owed to the Plaintiffs is $72,258.54.[1]

All amounts sought by Plaintiffs are capable of "ascertainment from definite figures" and Plaintiffs provided "sufficient documentary evidence" and detailed affidavits to establish the $72,258.54 judgment sought. *e360 Insight*, 500 F.3d at 602. Therefore, the Court may enter default judgment against Defendant without a hearing on damages.

## Conclusion

Plaintiffs' Motion for Default Judgment [DE 11] is **GRANTED**.

SO ORDERED.

ENTERED: June 18, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

---

[1] Plaintiffs assert that they are owed $71,858.54 from Defendants for unpaid contributions, liquidated damages, interest, audit costs, attorney's fees, and filing costs. [DE 10, Page 1]. However, that total does not include the $400 filing fee, which Plaintiffs request and are entitled to. The full amount owed to the Plaintiff is $72, 258.54.